U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 9 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **CLYDE DENNIS GLENN** | **CIVIL ACTION NO. 05-2237-A** |
| **VS.** | **SECTION P** |
| **WARDEN, AVOYELLES CORRECTIONS CENTER** | **JUDGE DRELL**<br>**MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner Clyde Dennis Glenn on December 29, 2005. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Corrections Center, Cottonport, Louisiana where he is serving a hard labor sentence imposed in 1985 by Louisiana's Third Judicial District Court, Lincoln Parish. Petitioner, however, attacks his 2003 simple burglary conviction in the Texas' Twenty-Seventh Judicial District Court, Lampasas, County.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the reasons that follow, it is recommended that the petition be **TRANSFERRED** to the United States District Court for the Western District of Texas in accordance with the provisions of 28 U.S.C. §1404.

## STATEMENT OF THE CASE

The facts of this case are established by pleadings filed in this court both in the instant matter and in the matter entitled <u>Clyde Dennis Glenn v. Warden, Avoyelles Correctional Center</u>, No. 1:05-cv-1101.

Petitioner was convicted of simple burglary on December 18, 1987 in Louisiana's Third Judicial District Court. He was sentenced to serve 19 years at hard labor. Petitioner earned "good time" credits and was released "as if on parole" after having served approximately half of his sentence.[1]

On February 27, 2003, while he was still under parole supervision by the State of Louisiana, petitioner was convicted of burglary of a building[2] in the Twenty-Seventh Judicial District Court, Lampasas County, Texas. He appealed raising only a sentencing claim of insufficiency of evidence to warrant enhancement of his sentence. On October 23, 2003, the Texas Court of Appeals, Third District, affirmed his conviction but vacated the sentence and remanded to the District Court for re-

---

[1] See La. R.S.15:571.3 which authorizes diminution of sentence for certain offenders in the custody of Louisiana's Department of Public Safety and Corrections; see also R.S.15:571.5 which provides, "When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole."

[2] See Tex. Pen. Code Ann. §30.02.

sentencing.[3] On some unspecified date he was re-sentenced.

He claims that he sought post-conviction review in the Twenty-Seventh Judicial District Court by filing a petition for writ of *habeas corpus* in which he raised claims of illegal arrest, ineffective assistance of counsel, failure to disclose evidence and use of perjured testimony. He claims that his Texas *habeas corpus* petition was dismissed by the Texas district court on June 23, 2004 and by the Texas court of criminal appeals on February 9, 2005.[4]

Petitioner's Texas sentence was complete on February 6, 2004. [see doc. 5] Upon the completion of his Texas sentence, he was returned to Louisiana; on March 11, 2004, his "good time" parole was revoked and he was ordered to serve the remainder of his Louisiana sentence.[5]

On March 10, 2005 he filed a petition for writ of *habeas corpus* in the United States District Court for the Western District of Texas. This matter was assigned Docket Number A05 CA

---

[3] See Glenn v. State, (03-03-00212-CR), Not Reported in S.W.3d 2003 WL 22409453, Tex.App., Austin, 10/23/2003.

[4] See Glenn v. Texas, No. WR-12,783-05 (Texas Court of Criminal Appeals, 2/9/2005) "Habeas corpus denied without written order on trial court findings..." Texas Judiciary Online at http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2187303

[5] See La. R.S.15:571.5(C) which provides, "If ... parole is revoked by the parole board for the violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term." Petitioner claims that his parole was revoked on March 11, 2004. See 1:05-cv-1101, doc. 8, p. 3.

178 SS. On March 23, 2005, the Magistrate Judge in Texas authored a Report recommending dismissal of petitioner's *habeas corpus* petition because petitioner was no longer "in custody" on the Texas conviction. [See Clyde Dennis Glenn v. Richard L. Stalder, No. A-05-CA-178-SS at doc. 4] Petitioner filed timely objections and an amended petition. Thereafter, on May 25, 2005, United States District Judge Sam Sparks agreed with the Report insofar as it recommended dismissal because petitioner could not meet the "in custody" requirement of 28 U.S.C.§2254 but also noted,

> The more difficult question in this case is whether there are special circumstances here that would permit a federal court to review the constitutionality of the Texas judgment in a *habeas* challenge to Glenn's Louisiana parole revocation. The Court declines to speculate on this question, however, for jurisdictional reasons. Since Glenn is no longer 'in custody' pursuant to his Texas conviction, he may challenge that conviction, if at all, in a *habeas* proceeding in Louisiana, where he is in custody.

Judge Sparks then ordered the matter transferred to this court.[*id.*, at doc.7]

The matter was transferred to this court where it was assigned Docket Number 1:05-cv-1101. On July 9, 2005 petitioner filed an Amended Petition for *Habeas Corpus*. Therein, he specifically attacked the LDOC's revocation of parole and other decisions by the Department with regard to the calculation of his sentence. [See 1:05-cv-1101 at doc. 8] On September 1, 2005, the undersigned authored a Report recommending dismissal of

petitioner's transferred *habeas corpus* petition because petitioner failed to properly exhaust Louisiana state court remedies with respect to the revocation of his parole. [See Glenn v. Warden, No. 1:05-cv-1101 at doc. 11] On November 10, 2005 United States District Judge F.A. Little, Jr., signed a judgment dismissing petitioner's *habeas corpus* petition for the reasons set forth in the Report and Recommendation. [*id.*, at doc. 14]

On December 29, 2005 petitioner filed the instant petition for writ of *habeas corpus* in this court. Therein he argued that his Texas conviction violated the Constitution based on the following grounds: Ground One - Conviction obtained by evidence obtained pursuant to unlawful arrest; and, Ground Two - Denial of Effective Assistance of Counsel. [doc. 1-1]

On March 27, 2006, the undersigned authored a Report again recommending dismissal of the petition due to the fact that petitioner had failed to exhaust available Louisiana court remedies with respect to his parole revocation proceeding in Louisiana. [*id.*, doc. 4] Petitioner filed a timely objection which noted, among other things, "Glenn filed this, his second petition, challenging only the Tx. conviction... Although Glenn is not in custody for the Tx. conviction - that sentence was satisfied on 02-06-04 - the State of La. has used that Tx. conviction to : (1) revoke parole; (2) forfeit good time; (3) deny reparole eligibility, and; (3) deny risk review

consideration." He concluded his objection with the following statement, "Glenn is not challenging the parole revocation. The revocation, along with good time forfeiture, parole eligibility and risk review are merely submitted to establish (or satisfy) the 'in custody requirement.' Glenn has challenged the constitutionality of the Tx. conviction." [doc. 5, emphasis in original]

On April 17, 2006, based upon petitioner's objection, United States District Judge Dee D. Drell remanded the matter to the undersigned for further consideration. Judge Drell noted, "The Report and Recommendation addresses Louisiana parole claims but the original petition for *habeas corpus* affects petitioner's Texas conviction." [doc. 6]

## LAW AND ANALYSIS

As the Fifth Circuit Court of Appeals recently noted, in a case which is factually similar to the case at bar, "A petitioner meets the jurisdictional 'in custody' requirement if the *habeas* petition could be construed as asserting a challenge to the sentence presently being served as enhanced by the prior conviction, for which the petitioner is no longer in custody. *See* Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401-02 (2001). '[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior

conviction and the petitioner's present incarceration.' Sinclair v. Blackburn, 599 F.2d 673, 676 (5th Cir. 1979)(citation omitted)." Williams v. Dretke, 2006 WL 707135 (5th Cir. 3/21/2006)(unpublished).[6]

When confronted by petitioner's first petition for *habeas corpus*, Judge Sparks framed the issue as follows: "The more difficult question in this case is whether there are special circumstances here that would permit a federal court to review the constitutionality of the Texas judgment in a *habeas* challenge to Glenn's Louisiana parole revocation. The Court declines to speculate on this question, however, for jurisdictional reasons. Since Glenn is no longer 'in custody' pursuant to his Texas conviction, he may only challenge that conviction, if at all, in a habeas proceeding in Louisiana, where he is in custody." See Glenn v. Stalder, 1:05-cv-1101 at doc. 7.

It appears then that Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), provides the appropriate method of analysis for this *habeas corpus* petition.

---

[6] In Williams, the petitioner filed a §2254 habeas petition which challenged a guilty-plea conviction of possession of cocaine for which petitioner had received a sentence of only 180 days. The United States District Court for the Southern District of Texas dismissed the habeas petition because petitioner's sentence expired before he filed his federal petition. In petitioner's request for a Certificate of Appealability he argued that as a result of the cocaine conviction, his parole had been revoked and therefore, "...he is in custody based on his conviction for possession of cocaine because this conviction was the sole reason used by the Parole Board to revoke his 1986 parole." Williams, *supra* at *1.

In Coss, the *habeas corpus* petitioner had been convicted of various criminal offenses in 1986. In 1990, after petitioner had completed the sentences imposed for the 1986 convictions, petitioner was convicted of aggravated assault. The trial court imposed an enhanced sentence based on petitioner's extensive criminal record, including the 1986 convictions. The petitioner filed a petition for writ of *habeas corpus* in federal court attacking the 1986 convictions on grounds that his trial counsel was ineffective. The United States District Court held that it could exercise *habeas* jurisdiction because the 1986 convictions were relied upon by the trial court when it imposed an enhanced sentence. Nevertheless, the District Court declined to grant relief by finding that petitioner had not established that his trial counsel was ineffective. The Third Circuit agreed with the trial court on the jurisdictional issue but reversed on the merits. The District Attorney applied for *certiorari* seeking review of the jurisdictional issue.

The United States Supreme Court reversed and held that once a state conviction is no longer open to direct or collateral attack in its own right, because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the conviction may be regarded as conclusively valid. Coss, 532 U.S. at 403-04, 121 S.Ct. at 1574.

Here, petitioner has unsuccessfully pursued the remedies

afforded by Texas law, having filed for a writ of *habeas corpus* in both the Texas District Court and in the Texas Court of Criminal Appeals. Presumably, he still has available the remedy provided by §2254.

See Coss, 532 U.S. at 402-406, 121 S.Ct. 1573-75:

> Once a judgment of conviction is entered in state court, it is subject to review in multiple forums. Specifically, each State has created mechanisms for both direct appeal and state postconviction review [citation omitted] even though there is no constitutional mandate that they do so [citations omitted]. Moreover, §2254 makes federal courts available to review state criminal proceedings for compliance with federal constitutional mandates ...
>
> Accordingly ... we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid [citation omitted]. If that conviction is used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained.
>
> The general rule we have adopted here ... reflects the notion that a defendant properly bears the consequences of either forgoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error. [citations omitted] <u>It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim...</u>
>
> <u>In such situations, a habeas petition</u>

> directed at the enhanced sentence may
> effectively be the first and only forum
> available for review of the prior
> conviction...
>
> Whatever such a petitioner must show to be
> eligible for review, the challenged prior
> conviction must have adversely affected the
> sentence that is the subject of the habeas
> petition. (emphasis supplied)

Such *appears* to be the case herein. Petitioner's Texas conviction was (he claims) the sole reason for the revocation of his Louisiana probation. However, since petitioner was successful in attacking his original Texas sentence, the truncated sentence imposed following his appeal expired well before petitioner was able to attack his Texas conviction in a federal petition for writ of *habeas corpus*. Thus, this seems to be the situation contemplated by the Court in Coss where petitioner should NOT be "...faulted for failing to obtain timely review of a constitutional claim..."

Petitioner's first attempt to litigate the constitutional claims arising in the Texas conviction failed because petitioner did not unambiguously attack the Texas conviction - instead, he raised issues concerning the propriety of the parole revocation proceedings in Louisiana. As a result, those claims were transferred to this court and dismissed because of petitioner's admitted failure to exhaust Louisiana remedies with respect to the revocation of his parole. Petitioner has now unambiguously advised the court that his present habeas attacks only the

constitutionality of his Texas conviction.

In short, petitioner should not be prohibited from proceeding with this federal *habeas corpus* attack on the Texas conviction merely because he has completed service of the Texas sentence since, "A petitioner meets the jurisdictional 'in custody' requirement if the *habeas* petition could be construed as asserting a challenge to the sentence presently being served as enhanced by the prior conviction, for which the petitioner is no longer in custody. [citation omitted] '[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration.' Sinclair v. Blackburn, 599 F.2d 673, 676 (5th Cir. 1979)citation omitted)." Williams v. Dretke, 2006 WL 707135 (5th Cir. 3/21/2006)(unpublished).

Finally, while venue is clearly appropriate in the Western District of Louisiana, since that is where the petitioner is presently incarcerated, it is also appropriate in the Western District of Texas where the conviction being collaterally attacked occurred. Since petitioner has now clearly and unambiguously stated that he seeks only to attack his Texas conviction,[7] venue is clearly more appropriate in the Western

---

[7] See doc. 5, at p. 2, "Glenn filed this, his second petition challenging only the Tx. conviction." See also id. at pp. 3-4, "Glenn is not challenging the parole revocation. The revocation, along with good time

District of Texas. This is so because the United States District Court in Texas is more familiar with the substantive and procedural laws of the State of Texas and is in a better position to determine federal procedural issues (i.e. exhaustion of available state court remedies, time-bar, and procedural defaults) and the substantive issues which have a bearing on petitioner's constitutional attack. Additionally, should a hearing ever be necessary in this case, the evidence and any witnesses concerning the criminal proceeding under attack will more likely be found in the Texas county where the judgment was entered. Clearly, justice would be better served if this case were transferred to the district where the state court which convicted and sentenced the petitioner is located. See Story v. Collins, 920 F.2d 1247, 1250 (5th Cir.1991) (noting that accessibility of evidence and witnesses are grounds for changing venue to a more convenient forum); Bell v. Watkins, 692 F.2d 999, 1013 (5th Cir.) (same), cert. denied sub nom. Bell v. Thigpen, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983).

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION.**

---

forfeiture, parole eligibility and risk review are merely submitted to establish (or satisfy) the 'in custody requirement.' Glenn has challenged the constitutionality of the Tx. conviction."

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of _____August_____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE